# REPORTS

OF

## CASES ARGUED AND DETERMINED

AT

## JUNE TERM, 1839.

---

HUMPHREYS *vs.* MORROW, adm'r.

1. The insolvency of an estate, must be plead specially by the administrator, in contesting claims against the decedent.

Error to Morgan Circuit court.

Assumpsit, before *Lane*, J.

The action in this case, was brought by a physician, for services rendered during the last sickness of defendant's intestate. Defendant suggested the insolvency of the estate, and moved that the suit abate—which was granted.

The order of the court below was assigned for error.

*Hopkins*, for plaintiff in error.

GOLDTHWAITE, J.—The questions presented by the assignments of error, draw into examination the construction of a clause of the 12th section of the act of

eighteen hundred and six, entitled "an act concerning wills and testaments; the settlement of intestate's estates; and the duty of executors, administrators and guardians"—(Aik. Dig. 152.) This clause is in the following words: "Nor shall any suit or action be commenced or sustained against him, [the executor or administrator of an estate,] after the estate of the testator or intestate is represented insolvent: *excepting, however*, in all cases, actions for debts due for the deceased's last sickness and funeral expenses." It cannot be inferred from the terms used by the legislature, that this clause was intended to introduce any change in the rules of pleading, but only to enable the representative of the estate, when it was ascertained to be insolvent, to withdraw all cases from the jurisdiction of the Circuit and County courts, to the one provided by the act, that is, the Orphan's court, where the estate could be distributed among all the creditors, and much of the expense of litigation avoided. It is clear, that any matter of defence, whether in abatement or bar, which arises after the institution of a suit, should be pleaded *puis darrien continuance*, in order that the opposite party may have the opportunity to ascertain the existence of the facts on which the defence is predicated, and if necessary, to deny and controvert them, or to avoid the defence, by the allegation of new matter. In the present case, we are informed by the bill of exceptions, that it was admitted that the cause of this action, was services rendered by the plaintiff during the last sickness of the intestate. This is one of the identical cases within the exception of the provision, and if shewn to the court in the form of a replication to a plea of the insol-

Humphreys *vs.* Morrow, adm'r.

vency of the estate, would have avoided it, no opportunity was offered to do this, as there was nothing in the record to plead to. There is no doubt that the plaintiff has the right also to contest the existence of the fact, that the estate has been represented insolvent, and to ascertain the validity of the record of the Orphan's court so declaring it, under the replication of *nul tiel record*. We consider the appropriate practice under this statute to be, to allege that the estate has been represented insolvent, by a proper plea; if the excepted cases exist, they can then be shewn by replication, and the ordinary issues, either of fact or law, can be presented, as in other cases. The case presented differs from the suggestion of the death of either party in the record, because there is no one, in such an event, who is authorised to plead it, and consequently, the court must be informed from the representation of some one unknown on the record, that some act has intervened, which renders it improper to proceed in the case before it. In such cases as the present, the representation is made by a party properly before the court, competent to litigate all questions which can arise. As no plea was interposed, the Circuit court erred in abating the case, on the motion of the defendant, and we need not consider the bill of exceptions further than we have already incidentally done.

Let the judgment be reversed, and the case remanded.